**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ROBERT LEE WRIGHT, III,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　**CASE NO. 4:24-CV-00012-MW-MAF**

**S.C. MCHENRY,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Robert Lee Wright, III, a prisoner proceeding *pro se*, initiated this case with a filing titled "NDFL Pro Se 14.1 Due Process of Law Pro Se Prisoner Litigants Filling Civil Rights Complaints In action under . . . 42 U.S.C. § 1983 Examination of Returns Appeal Rights and Claims for Refunds Publication 556 and 971." ECF No. 1. Plaintiff did not file a motion to proceed *in forma pauperis* (IFP) and did not pay the filing fee. This Court screened Plaintiff's filing as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and found the complaint legally insufficient as filed. ECF No. 3. The Court construed Plaintiff's allegations liberally, Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)), and advised Plaintiff his complaint would likely be dismissed if he did not correct the deficiencies and if he did not file an IPF application or

pay the filing fee. ECF No. 3. Plaintiff had until **February 16, 2024**, to comply but did not do so. For the reasons stated it is recommended that the complaint be dismissed and the case be closed.

**I.   Standard of Review**

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court may also dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although a *pro se* litigant's allegations are entitled to the benefit of liberal construction, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, supra.

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." Id. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).

## II. Plaintiff's Initial Filing, ECF No. 1.

Plaintiff initiated this case with a handwritten filing intending to serve as a complaint, but it was not on the proper form. ECF No. 1. Plaintiff does not state whether he is suing Defendant in his individual– or official capacity or both. Id. As best can be determined, Plaintiff claims he received "useable checks that came to [him] in a voucher form . . . from the IRS." Id., p. 2. He claims the vouchers are not frivolous. Id. Plaintiff attached a letter from Defendant informing Plaintiff that the IRS received his 2020 Form 1040, but

more information was required to support the reported wages of $1 billion. Id., p. 3-4. Plaintiff also included a J-Pay document with a scanned IRS form that Plaintiff made payable to "Islamic Bookstore.com" in the amount of $19.95. Id., p. 5. The IRS form has no monetary value; apparently, it is the form used for a taxpayer to submit along with his or her payments to the IRS. Plaintiff makes no claim for relief here. This lawsuit is frivolous.

### III. Discussion

Plaintiff had the opportunity to amend his complaint to correct the deficiencies this Court identified but he did not do so. ECF No. 3. Each deficiency is discussed below.

#### A. Plaintiff's Complaint is Not on the Proper Form

Pro se litigants are required to file their civil rights complaints on the proper form. "The Court need not—and ordinarily will not—consider a petition, motion, or complaint that is not filed on the proper form." N.D. Fla. Loc. R. 5.7(A). The Court directed Plaintiff to amend and sent him the proper form, but as of the date of the drafting of this Report, Plaintiff did not comply. See ECF No. 3.

#### B. Plaintiff's Complaint is Shotgun Pleading and is Frivolous

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(1), and the complaint must "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." LaCroix v. W. Dist. Of Ky., 627 F. App'x 816, 818 (11th Cir. 2015) (citing Fed. R. Civ. P. 10(b)).

A shotgun pleading fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) (citing Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1323 (11th Cir. 2015)). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings" and district courts have "'the inherent authority to control [their] dockets and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." Id. Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed. In Weiland, supra, the Eleventh Circuit "identified four rough types or categories of shotgun pleadings." 792 F.3d at 1321.

The most common type of shotgun pleadings are complaints "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. Next, are complaints that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id., at 1322. Third, are complaints that do not separate "into a different count each cause of action or claim for relief." Id., at 1323. Finally, the fourth kind of shotgun pleading is one that "[asserts] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id.

Plaintiff's complaint is a shotgun pleading because Plaintiff does not attribute any acts or omissions to the Defendant. ECF No. 1. Plaintiff's filling contains conclusory, vague, and immaterial facts that are insufficient to state a constitutional claim. Id., p. 2. There is simply no cause of action here. Plaintiff cannot simply "plead the bare elements of [a] cause of action," he must provide facts, which presents a "plausible claim for relief" to survive a motion to dismiss. See Randall v. Scott, 610 F.3d 701, 708-09 (11th Cir. 2010). The Court warned Plaintiff that if he did not cure his shotgun pleading the case would be dismissed. ECF No. 3.

Rather than amend, Plaintiff filed a motion titled "Motion to Waive//Waiver Pro Se on 2016 and 2022 Form/Waive, Waiver Pro Se to Pending Cases etc.," which the Court struck as an improper pleading. ECF Nos. 5, 6. Plaintiff absolutely failed to cure any of the deficiencies with his latest improper filing.

C. Plaintiff Did Not File an IFP Motion and Did Not Pay the Filing Fee

"A party who files . . . a civil case must simultaneously either pay any fee required . . . or move for leave to proceed in forma pauperis under 28 U.S.C. § 1915." N.D. Fla. Loc. R. 5.3. The IFP motion must be supported by copies of Plaintiff's inmate account statement for the six (6) month period immediately preceding the filing of the complaint.

The Court provided Plaintiff with the proper IFP application and directed him to either complete the IFP application with the supporting inmate account statements or pay the $405 filing fee. Id., p. 3. The Court advised Plaintiff that his case would not proceed without a proper IFP application or payment of the fee. Id. Plaintiff did not comply.

D. Failure to Follow a Court Order

Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to comply with a court's orders, the plaintiff's claims or actions may be dismissed. Moreover, a district court "has inherent authority to manage its

own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing And Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). "A district court need not tolerate defiance of reasonable orders." Id. Therefore, when the undersigned issues reasonable orders, which are ignored, he may recommend the dismissal of a case for failure to comply with those orders. See Freeze v. Sec'y, Dep't of Child. and Fams., 825 F. App'x 606, 610 (11th Cir. 2020) (citing Moon v. Newsome, 863 F.2d 835, 839 (11th Cir. 1989)).

As previously stated, Plaintiff did not amend on the proper form, did not pay the filing fee, and did not submit an IFP motion. ECF No. 3. Plaintiff's only response was to file an improper document. Such defiance to this Court's order need not be tolerated.[1] Id. Dismissal is appropriate.

## IV. Conclusion and Recommendation

For the reasons stated, it is respectfully **RECOMMENDED** that Plaintiff's complaint be **DISMISSED** as frivolous and for failure to comply with

---

[1] Notably, the Court provided Plaintiff with advisements on the proper course of proceeding in federal cases in its orders to amend in Plaintiff's other pending cases. See N.D. Fla. Nos. 4:24-cv-00006-MW-MAF, Wright v. McHenry, et al.; 4:24-cv-00011-AW-MAF, Wright v. Donovan; 4:24-cv-00017-WS-MAF, Wright v. IRS Dep't of the Treasury; 4:24-cv-00051-AW-MAF, Wright v. State of Florida. Not all of Plaintiff's cases are listed here because it is Plaintiff's obligation to disclose his litigation history in a proper complaint.

a court order pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. L. R. 41.1. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Cases dismissed as "frivolous" count as a "strike" pursuant to 28 U.S.C. 1915(e)(2)(B)(i). It is further recommended that the case be **CLOSED**.

**DONE AND ORDERED** this 29th day of February, 2024.

<div style="margin-left:2em">

*s/ Martin A. Fitzpatrick*
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

</div>

**NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).